## In re Contested Election for Landisville School Directors

*Charles W. Eaby,* for petitioners; *Oliver S. Schaeffer,* contra.

GROFF, P. J., January 16, 1932.—On November 13, 1931, W. Scott Nissley, John G. Weidler and Albert Hiestand presented their petition to the court of common pleas, setting forth that upon information which they considered reliable they believed that fraud, although not manifest on the general return of the votes made therefrom, was committed in the computation of the votes cast in the Landisville District of East Hempfield Township, or in the marking of the ballots or otherwise in connection with such ballots at the general election held in said election district on Tuesday, November 3, 1931, and praying the court to direct that the ballot-box of said district be opened and the ballots therein contained be counted under the direction of the court.

Pursuant to said petition, the court directed that Jacob N. Summy, custodian of the ballot-box of the said general election, be ordered to deliver the said ballot-box to the court of common pleas in open court on November 27, 1931, at ten o'clock A. M., for the purpose of having the ballots therein contained properly counted.

The ballot-box was produced at the time designated, and the votes counted, under the direction of the court, at which time petitioners were represented by Charles W. Eaby, and were present in court. After the count, the contest having been for school directors only, the following votes were found cast for the various candidates for that office, to wit: A. E. Cooper, 365; Samuel S. Bard, 128; Milton H. Hottenstein, 290, and Edgar F. Funk, 80. The totals originally returned by said election officers were as follows: A. E. Cooper, 357; Samuel S. Bard, 123; Milton H. Hottenstein, 307, and Edgar F. Funk, 80. The corrected election returns, therefore, showed that A. E. Cooper had gained eight votes, Samuel S. Bard had gained five votes, Milton H. Hottenstein had lost seventeen votes, and Edgar F. Funk had the same number of votes as originally counted for him.

On December 5, 1931, after the said vote was recounted, the parties originally petitioning the court for a recount filed a petition asking that the $50 which they had deposited in cash on the presentation of the original petition be returned to them.

A consideration of the vote, as above set forth, shows that there was a change of thirty votes in the total vote cast for the four candidates for school director. This was the final result of balancing up the votes lost and gained by the various candidates, the number of errors in counting by the election board being greatly in excess of the number shown by the change in the vote. We, therefore, conclude that it was right and proper that this box should be opened and the true results obtained. There was at least substantial error committed in the original count, and the $50 should be returned.

We, therefore, order that the $50 originally deposited with the prothonotary shall be returned by him, or, if it has been paid over to the county treasurer, that it shall be returned by the county treasurer to the petitioners, and we so order.

From George Ross Eshleman, Lancaster, Pa.